Alcides **ROJAS–AYALA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74281.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 4, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alcides Rojas–Ayala, Downey, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Francis William Fraser, I, Esquire, Senior Litigation Counsel, Andrew C. Maclachlan, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Alcides Rojas–Ayala, a native and citizen of Bolivia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001), and deny the petition for review.

Substantial evidence supports the IJ's denial of asylum because Rojas–Ayala failed to show that his alleged persecutors threatened him in the past on account of a protected ground, and his fear of future criminal activity and persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of a protected ground. *See id.* at 865 ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."); *see also Santos–Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir.2008) (holding that "general aversion to gangs does not constitute a political opinion for asylum purposes"). Moreover, Rojas–Ayala's claimed social group is too loosely defined to meet the requirement for particularity to constitute a protected ground. *See Santos–Lemus*, 542 F.3d at 745–46.

Because Rojas–Ayala failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

Substantial evidence also supports the IJ's denial of CAT relief based on the IJ's finding that Rojas–Ayala did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Bolivian government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007).

Lastly, Rojas–Ayala's contention that the BIA erred when it affirmed the IJ's decision without opinion is foreclosed by

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.